## Knight Light Company, Appellant, v. C. M. Morrison, Appellee.

### Gen. No. 6,301. (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916. Rehearing denied October 5, 1916.

### Statement of the Case.

Action in replevin by Knight Light Company, plaintiff, against C. M. Morrison, defendant, for possession of a soda fountain and other goods. From a judgment for defendant, plaintiff appeals.

Defendant gave plaintiff a written order, prepared by plaintiff for the goods in question to conform to certain plans and specifications prepared by plaintiff to defendant's satisfaction and to be installed in defendant's store, defendant to pay therefor $2,500, $100 with the order, $700 on receipt of the goods with bill of lading, and the remainder at stated times thereafter, and to execute notes and a chattel mortgage for the deferred payments when the goods were delivered and to procure and assign an insurance policy, title to remain in plaintiff until the chattel mortgage

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was executed and delivered and until the purchase money was paid in full, and the order to be subject to plaintiff's approval, blank for which appeared on the order. The order was not formally approved by plaintiff's signature thereto until two days before trial. The goods were in part manufactured by plaintiff after receipt of the order and in part obtained elsewhere, and were shipped to defendant, knocked down and crated, and installed in defendant's place of business by plaintiff's employees. Defendant paid the $800 called for by the order, but refused to execute the notes and mortgage or procure the insurance policy or make further payment, claiming the goods were not according to contract, but allowed them to be installed on assurances of plaintiff's employees that when installed they would be according to contract. Defendant offered to return them upon return of the $800 paid by her. She gave forthcoming bond and retained the goods.

QUINN & QUINN and JOSEPH P. MAHONEY, for appellant.

PAGE, HUNTER, PAGE & DALLWIG, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 19*—*what constitutes implied acceptance of order for goods.* Where the defendant in a replevin action gave to the plaintiff a written order for certain goods subject to plaintiff's acceptance of the order, on which a blank appeared for such acceptance held that the plaintiff by manufacturing, shipping and installing the goods ordered, impliedly accepted the order, although the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

written acceptance thereof was not signed by plaintiff until after bringing of the action and delivery of the goods.

2. SALES, § 301*—*when replevin lies to recover goods sold under conditional sale contract.* Where goods were sold on a contract which provided that title should remain in the seller until they were paid for, *held* that replevin by the seller would not lie for the goods unless the purchaser was in default or unless the seller first tendered back the money paid thereon.

3. SALES, § 301*—*when return of payments is condition precedent to recovery of goods sold under conditional sale contract.* Where a party contracted to purchase goods of a specified kind and quality and the goods when delivered were found to be not of such kind or quality, *held* that such party would not be in default in refusing to pay for same, and replevin would not lie by the seller of the goods without his first returning to such party what he had paid thereon.

4. SALES, § 296*—*when purchaser is not estopped from complaining that goods do not comply with contract.* A purchaser of goods is not estopped from complaining that they do not comply with the contract by having retained them after offering to return them upon return of the money paid thereon, in an action in replevin by the seller for such goods.